Pettibone-, J.,
delivered the opinion of the Court.
This was an action of covenant, brought in the St. Louis. Circuit Court, by the above named plaintiff, against the above named defendants. The declaration sqt out *257 that Stephen Rector, one of the defendants, had sold a New Madrid certificate, so called, to the said plaintiff, which certificate was granted by the recorder of land titles to one Lewis Roy, and authorized him or his legal representatives to locate six hundred and forty acres of land, &c.; and that the said defendants covenanted to and with the said plaintiff, that the said Stephen had, at the time of the said sale, full power, good right and lawful authority to sell, dispose of and convey the same; and assigned the breach, that he had not full power, &c., to sell the same; hut that the true and lawful interest, right and title, was lawfully claimed and owned by one Joseph Mitchell, &c. The defendants pleaded that the said Stephen, at the time when, &c., had good right, full power and lawful authority to sell, &e., without this that the title was in Mitchell, &c. On the trial of the cause, the plaintiff proved that Roy, to whom the certificate was granted, had, previous to granting the certificate, say in 1809, sold and conveyed to Joseph Mitchell the land in New Madrid, in lieu of which the certificate was granted; and on this evidence the plaintiff’s,counsel contended that the right to the said certificate was in Mitchell, and not in Roy. The defendants derived a regular title from Roy to Rector for the said certificate.
The Court below decided that the proof offered on the part of the plaintiff, showing title in Mitchell to the original tract of land in the county of New Madrid, upon and in lieu of which the certificate was issued from the recorder’s office, was incompetent, and would not authorize a recovery upon the said covenant; and thereupon judgment was given for the defendants. Two points were made by plaintiff’s counsel on the argument of the case in this Court. Eirst, that the right to the New Madrid certificate vested immediately in Mitchell, upon its being issued, he being at that time the owner of the land in New Madrid, in lieu of which the certificate was granted. Second, that if the certificate did not enure to Mitchell, still it vested no title in Roy, having been issued through fraud or mistake, and without consideration.
As to the first point, it a]jpears that Mitchell was, at the time of issuing the certificate, the owner of the land in New Madrid, in lieu of which the certificate was granted. But it does not appear that Mitchell has ever relinquished that land to the United States,* so as to give him any equitable right to the certificate. It may be that he prefers his land in New Madrid to any that he could locate elsewhere; and the United States can hardly compel him to give up his land against his consent. There is nothing which shows any privity between him and Roy, in obtaining the certificate. He has not adopted Roy’s acts by claiming the certificate, or bjr relinquishing his land. There is nothing which shows that Roy acted as Mitchell’s agent, so as to give Mitchell any right to the certificate. If A. buys land with the money of B., and takes a deed to himself, he is a trustee for B.; Johns. Rep. 216. But here the certificate was not bought with the land of Mitchell, for he still holds the land — of consequence, there is no resulting trust in his favor; and there is nothing else that appears upon the record which connects him with Roy at all. How, then, Roy can be his trustee, we cannot conceive. We are clear, that no right is shown in Mitchell to the certificate.
Second point. It is said, granting that the certificate did not enure to Mitchell, still Roy had no title to it, he having obtained it through fraud or mistake, and without consideration. On this point the Court are clearly of opinion, that the certificate is not void, but merely voidable; and so long as it is not avoided, it stands good to all intents and purposes. If fraud appears on the'face of a grant, it is void; *258 but if it arises on circumstances dehors the grant, it is voidable only :• Vide 1 Maryland Rep. 189.
The United States, perhaps, may never complain of being defrauded, and the certificate may always stand' good. We cannot think that it will comport with law or justice, that the plaintiff should.be allowed to recover on his covenant, so long, as he has the full benefit of the thing he purchased. It is, indeed, a matter of some doubt in the minds of the- Court, whether this certificate Gan ever be avoided in the hands of an innocent purchaser;- being issued by a public officer of the government, to-whose acts the people have a right to give credit and confidence, it seems as equitable that it should remain valid in the hands of an innocent purchaser, who has paid his-money for it,, as that it should be set aside in favor, of the government. But on this point, it is not necessary to give an opinion.
We are of opinion, that the title to the certificate was not in Mitchell, nor is the; certificate ipso facto void. Rector, therefore, had good right to sell, &c.
The judgment in the Court below must be affirmed, with costs.